**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAURA DEGENHARDT, <br> on behalf of plaintiff and a class, <br> and PEOPLE OF THE STATE OF ILLINOIS <br> ex rel. LAURA DEGENHARDT, <br><br> Plaintiffs, <br><br> vs. <br><br> REVENUE SECURITY SERVICES, L.P., <br> doing business as CERTI-MED, and <br> RSSGP INTERESTS, L.L.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiffs Laura Degenhardt and People of the State of Illinois ex rel. Laura Degenhardt bring this action to secure redress from unlawful collection practices engaged in by defendant Revenue Security Services, L.P., d/b/a Certi-Med, Check Plus Systems, Certi Med Collections ("Revenue"), and possibly other names. Also sued is defendant RSSGP Interests, L.L.C. ("RSSGP"), which is the general partner of Revenue Security Services, L.P. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection

agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

6. Plaintiff Laura Degenhardt is an individual who resides in the Northern District of Illinois.

7. Defendant Revenue is a limited partnership entity organized under Texas law with its principal place of business at 606 N. Carancahua, Suite 1002W, Corpus Christi, TX 78401. It does or transacts business in Illinois and seeks to collect debts from Illinois residents. It also uses the names Check Plus Systems, Certi Med Collections, and possibly others.

8. Revenue is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

9. Revenue is a debt collector as defined in the FDCPA.

10. Revenue is a collection agency as defined in the ICAA.

11. At no time has Revenue held a collection agency license under the ICAA. (Exhibit B)

12. Texas, where Revenue is located, does not license debt collectors.

13. Defendant RSSGP, is the general partner of Revenue. The acts of

Revenue are imputed to it.

## FACTS

14. Defendant Revenue has been attempting to collect from plaintiff an alleged medical debt incurred, if at all, for personal, family, or household purposes (treatment of plaintiff's son).

15. On or about July 23, 2013, defendant Revenue sent plaintiff via the U.S. Mail the letter attached as Exhibit A.[1]

16. Exhibit A is the first letter plaintiff received from defendant regarding the debt described therein.

17. On information and belief, plaintiff does not owe the claimed debt.

18. On information and belief, based on its contents, Exhibit A was the first letter defendant sent to plaintiff regarding the alleged debt described therein.

19. Exhibit A is a form letter, as evidenced by the codes and bar-coded address.

20. On information and belief, Exhibit A is a form intended for use as the initial letter which defendant sends to a consumer regarding a debt.

21. Exhibit A states that "If a claim has already been filed with your insurance company, it may have been denied or partially paid; therefore, the outstanding balance is your obligation."

22. The quoted statement is materially false and misleading, in that:

    a. If the medical services were provided pursuant to a PPO arrangement, the medical provider is contractually obligated to accept the "partial payment" as its full compensation, and the outstanding balance is not the patient's obligation. Rather, the

---

[1] It should be noted that Plaintiff's minor child saw Muhammed Idris, MD, but Exhibit A lists Krishna Turlapati, MD. as the child's Medical Provider.

3

        provider agrees not to charge it in exchange for being listed as a participating provider.

    b.    If an insurance company or PPO denies payment because it concludes that the services are not medically necessary, the patient is not liable, and the outstanding balance is not the patient's obligation. The terms of the contract between the provider and the insurer or PPO often require that the provider resolve any such disputes with the PPO or insurer through arbitration or other dispute resolution mechanisms.

    c.    If an insurance company pays part of the claimed amount because it concludes that the amount claimed is unreasonably large, the patient is not liable for the balance, and the outstanding balance is not the patient's obligation. Again, the provider may be required to resolve any such disputes with the PPO or insurer.

## COUNT I – FDCPA

23.    Plaintiff Laura Degenhardt incorporates paragraphs 1-22.

24.    <u>Exhibit A</u> violates 15 U.S.C. §1692e, 1692e(2), and 1692e(10).

25.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

    **(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect**

4

>  **or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class.

27. The class consists of (a) all natural persons with Illinois, Indiana or Wisconsin addresses (b) to whom defendant sent a letter in the form represented by Exhibit A, (c) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

28. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members of the class.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – ICAA

33. Plaintiff People of the State of Illinois ex rel. Laura Degenhardt incorporates paragraphs 1-22.

34. In order to protect Illinois residents, the Illinois Collection Agency Act ("ICAA") requires that collection agencies collecting debts from Illinois residents obtain a license, either from the state of Illinois or the state where it has its principal office, if that state licenses debt collectors.

35. Section 4 of the ICAA, 225 ILCS 425/4, provides:

**Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

36. The licensing requirements of the ICAA were imposed to protect the public. The public policy represented by the ICAA is stated in §1a, 225 ILCS 425/1a:

**Declaration of public policy**

**Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.**

**It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

37. Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it a crime to engage in the business of a collection agency without a license.

38. Section 14a, 225 ILCS 425/14a, provides:

**Sec. 14a. The practice as a collection agency by any entity not holding a valid**

**and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

39. Defendant Revenue Security Services, L.P., d/b/a Certi-Med is a "collection agency" subject to the ICAA, but does not have a license from either Illinois or Texas.

WHEREFORE, plaintiff requests that the Court grant the following relief against defendants

 (1) An injunction prohibiting further collection activities in Illinois or directed to Illinois residents;

 (2) Attorney's fees, litigation expenses, and costs.

 (3) Such other and further relief as is appropriate.

  s/Daniel A. Edelman
  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko

7

EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                              s/Daniel A. Edelman
                                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28728\Pleading\Complaint_Pleading.wpd